UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUFG UNION BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIE J. RILEY, et al.,<br><br>    Defendants. | Case No. 16-cv-02251-EDL<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>; REPORT AND RECOMMENDATION RE: REMAND**<br><br>Re: Dkt. No. 6 |

On April 26, 2016, Defendant Willie J. Riley filed an application to proceed <u>in forma pauperis</u> and a notice of removal of an unlawful detainer case filed by Plaintiff MUFG Union Bank, N.A., against Defendants Willie J. Riley and Judy Pipkin in San Benito County Superior Court on February 9, 2016. The Notice of Removal is only signed by Defendant Riley. On May 10, 2016, Plaintiff filed a motion to remand this case to state court and alternatively requested the Court to order remand <u>sua sponte</u>. Defendant Riley's application to proceed <u>in forma pauperis</u> is granted. As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and will reassign this case to a district judge. For the reasons set forth below, the Court recommends remanding this matter to state court.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Remand is appropriate on the ground that Defendant Pipkin has not joined in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A). Remand is also appropriate on the ground that this Court lacks subject matter jurisdiction.

When a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. However, a case may be removed pursuant to 28 U.S.C. § 1441 only when a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint asserts only one state law claim for unlawful detainer. Because the complaint does not provide any basis for removal, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

Although Defendant Riley does not base his notice of removal on diversity jurisdiction, that too is lacking. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive

of interests and costs." The complaint, however, alleges that Plaintiff is a resident of California and that Defendants are unlawfully detaining property located in California. Therefore, the Parties are not diverse. Further, the face of the complaint, which states that the amount demanded in this limited civil case does not exceed $10,000, shows that the jurisdictional minimum has not been met. Because the case is not removable as a diversity action, remand is also appropriate on this ground.

In addition to remand, Plaintiff requests an unspecified award of attorney's fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted). The decision of whether to award fees and costs pursuant to § 1447(c) "has [been] unambiguously left . . . to the discretion of the district court." Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 446 (9th Cir. 1992); see also Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005) (affirming an award of fees pursuant to 28 U.S.C. § 1447(c) that was less than the amount actually incurred by the plaintiff in light of the defendant's pro se status and the district court's determination that the award was fair and reasonable).

Here, there was no objectively reasonable basis for removal of this purely state law case. However, Plaintiff does not specify the fees and costs that it seeks to recover. Furthermore, Defendant Riley previously filed an application indicating that he is unable to pay even the costs of filing these proceedings. (See Dkt. 3.) In light these considerations, the Court recommends denying Plaintiff's request for fees and costs.

Accordingly, the Court recommends remanding this case to the San Benito County Superior Court. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may

1  waive the right to appeal the District Court's order.

2  **IT IS SO ORDERED.**

3  Dated: May 11, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge